1998 ME 11

## DEPARTMENT OF HUMAN SERVICES

v.

## Charles E. MONTY.

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 12, 1997

Decided Jan. 14, 1998.

tute proceedings to enjoin a violation of this subchapter."

Andrew Ketterer, Attorney General, Mary B. Najarian, Peter Brann, Assistant Attorneys General, Augusta, for Plaintiff.

Ralph W. Brown, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

RUDMAN, Justice.

[¶ 1] Charles Monty appeals from the judgment entered in the Superior Court (Cumberland County, *MacNichol, J.*) establishing his child support obligations. Charles contends that the court erred by treating the settlements he received as the result of two lawsuits as "gross income" for the purposes of determining his child support obligations, pursuant to 19 M.R.S.A. § 311(5)(A)[1]. We agree and vacate the judgment.

[¶ 2] Susan Monty and Charles Monty were divorced in 1989 and Charles was ordered to pay weekly child support. This amount was modified by court order in December, 1992, when Charles enrolled in law school. During the time Charles was attending law school, he received, after fees and costs, $50,000 in settlement of two law suits.[2] The Department of Human Services (DHS) filed a M.R. Civ. P. 60(b) Motion for Relief from Order seeking to modify Charles's child support obligations in light of these settlements. Following a series of motions, cross motions, and continuances, the parties entered into a stipulation accepted by the court which read:

> By agreement of the parties, the issue of whether the Defendant's child support obligation for February 1993 and thereafter should be modified (pursuant to subparagraph (9) of paragraph (i) of the child support guidelines which allows the court to deviate from the guidelines) based upon his receipt of funds from a personal injury settlement in the approximate amount of $30,000 on February 1, 1993 and $20,000 in 1994 is hereby submitted for decision on this record together with the arguments of the parties.

[¶ 3] Using the forms provided by DHS, the court proceeded to enter child support orders based on Charles's gross income for the years 1993 through 1998. Included in the calculation of Charles's gross income were the amounts received by Charles in 1993 and 1994 in settlement of his lawsuits. The child support orders were, therefore, computed solely on the amount of money Charles received and were not based on a deviation from the statutory child support guidelines. This appeal followed.

---

1. 19 M.R.S.A. §§ 311–319 were repealed on October 1, 1997. The new statutes governing child support guidelines are now found at Title 19–A, Chapter 63. No substantive changes were made to the legislation affecting the issues in this case.

2. Charles received approximately $30,000 in 1993 in settlement of a personal injury claim arising from an automobile accident. Charles received approximately $20,000 in 1994 in settlement of a medical malpractice claim.

[¶ 4] We review a trial court's interpretation of a statute for errors of law. *Daniels v. Tew Mac Aero Servs., Inc.*, 675 A.2d 984, 987 (Me.1996). We first examine the plain meaning of the statutory language, seeking to give effect to the legislative intent and to construe that language to avoid absurd, inconsistent, unreasonable, or illogical results. *Thibeault v. Larson*, 666 A.2d 112, 114 (Me.1995). Only when the statutory language is ambiguous do we look beyond its plain meaning and examine other indicia of legislative intent. *Berube v. Rust Eng'g*, 668 A.2d 875, 876 (Me.1995).

[¶ 5] Subchapter I–A of Title 19 governs the determination of child support in this case. The total child support obligation is divided between the parties in proportion to their respective gross incomes. 19 M.R.S.A. § 316(3). "Gross income" is defined as follows:

5. Gross income. "Gross income" means gross income of a party as follows.

A. Gross income includes income *from any ongoing source* including, but not limited to, salaries, wages, commissions, royalties, bonuses, dividends, severance pay, pensions, interest, trust funds, annuities, capital gains, social security benefits, disability insurance benefits, prizes, workers' compensation benefits, spousal support actually received pursuant to a preexisting order, and education grants, fellowships or subsidies that are available for personal living expenses. Gross income does not include child support received by either party for children other than children for whom support is being determined.

19 M.R.S.A. § 311(5)(A) (Supp.1996) (emphasis added).

[¶ 6] The plain language of section 311 is clear—gross income only includes income from an "ongoing source." A lump sum payment is not an "ongoing source" of income. The dictionary definition of "ongoing" is "going on; going forward." *Webster's New International Dictionary*, 1703 (2nd ed.1960). A lump sum settlement is not an ongoing source of income because the source does not persist but rather vanishes upon satisfaction of the settlement agreement.

Section 317 of Title 19, not section 311, provides the court with an avenue to deviate from the statutory guidelines in order to reach such "nonrecurring income not included in the definition of gross income." 19 M.R.S.A. § 317(3)(E).

The entry is:

Judgment vacated. Remanded for proceedings consistent with this opinion.

